John SANDERS *v.* STATE of
Arkansas

CR 74-16                                    509 S.W. 2d 295

Opinion delivered May 20, 1974

Don Langston, Public Defender, by: *Hubert Graves*, Dep. Public Defender for appellant.

*Jim Guy Tucker*, Atty. Gen. by: *Alston Jennings, Jr.*, Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant contends that the judgment, sentencing him to imprisonment for one year and assessing a fine of $500 in accordance with a jury verdict finding him guilty of assault with a deadly weapon, should be reversed on two grounds. The first is the court's refusal of appellant's requested instruction on assault and battery, and the other is the court's modification of his requested instruction on self-defense. We find no error on either point.

Assault and battery is not necessarily a lesser included offense on a charge of assault with a deadly weapon. Clearly, there may be an assault with a deadly weapon without any battery. Appellant was charged with having assaulted W. J. Newlon with a three-foot pipe, with the intent to inflict bodily injury upon the said W. J. Newlon. No part of the charging information contains any allegation that would constitue an allegation that a battery was committed upon Newlon. Assault and battery is the unlawful striking or beating the person of another. Ark. Stat. Ann. § 41-603 (Repl. 1964).

The statute defining the offense with which appellant was charged makes one guilty of the crime if he assaults another with a deadly weapon, instrument or thing, with an intent to inflict upon the person of another a bodily injury where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant disposition. Ark. Stat. Ann. § 41-605 (Repl. 1964). Nothing in the statute makes a battery an essential element of the offense.

Appellant first advances the novel argument that, since our statutes do not prohibit the carrying of a three-foot pipe as a weapon, [1] the court's refusal to instruct on assault and battery constituted a finding that the pipe was a deadly weapon, as a matter of law. Of course, to be guilty of the crime with which appellant was charged, it is not required that one use a deadly weapon. The statute requires the use of a deadly weapon, instrument or other thing. It should go without saying that a three-foot pipe falls into the category of a deadly "instrument or other thing" even if its common or ordinary use is not as a weapon. It is only required that the assault be made with such a deadly weapon, instrument or thing as in the ordinary acceptation is calculated, or likely, to produce death or great bodily injury. *Wilson v. State*, 162 Ark. 494, 258 S.W. 972.

Before the refusal to instruct the jury on a lesser offense can be said to constitute error, both the charge and the evidence presented must include all the elements of the lesser offense. *Caton v. State*, 252 Ark. 420, 479 S.W. 2d 537. The evidence in this case would have afforded sufficient basis for a finding of guilt of assault and battery, but, as pointed out above, the charge did not include an essential element of the lesser offense, i.e., battery.

Appellant offered an instruction on self-defense pointing out that, in order to make a finding sustaining a self-defense theory, it must have appeared to the defendant at the time of an affray that the danger was so urgent and pressing that, in order to save his own life or prevent his receiving great bodily harm, the striking was necessary and that the person struck was the assailant. This instruction also contained language pointing out that the danger need not be actual or real, but that one claiming self-defense must have acted, in good faith,

---

[1] See Ark. Stat. Ann. § 41-4501 (Supp. 1973).

upon an expectation or fear of danger based upon acts or demonstrations, coupled with any accompanying words, of a person assaulted by the defendant, sufficient to produce in the mind of the defendant a reasonable expectation or fear of death or great bodily harm. The circuit judge gave this instruction with an addition to which appellant objected. The objection was that the added portion was in conflict with that portion requested by appellant, in that it put the matter of self-defense upon the basis of what defendant could have done rather than the appearance of the situation to the defendant.[2] We find no error.

By the addition the court advised the jury that if they believed that appellant, in spite of hostile demonstrations by the prosecuting witness, could have reasonably avoided any danger to himself and averted the necessity for injuring the prosecuting witness, it was his duty to do so. This addition also included a statement to the effect that self-defense may be resorted to only after one has done all in his power, consistent with his own safety, to avoid the danger and avert the necessity of the injury. The addition must be read and considered in connection with that portion of the instruction just preceding it. It seems to us to have been clear that, under the instruction as given, one claiming self-defense may act upon a fear of danger which seems apparent to him, if he acts in good faith, and upon the basis of acts and demonstrations of one he takes to be an aggressor, if they would produce in the mind a reasonable expectation or fear of death or great bodily harm. Nothing in the addition suggests that the danger which one claiming self-defense must avoid should be actual rather than as earlier defined. It should be noted that the judge instructed the jurors that they should not single out any one instruction as being the law in the case, but were to consider all instructions together as being the law. He also fully instructed the jury on the state's burden to establish appellant's guilt beyond a reasonable doubt. When all the instructions are read together, or even all paragraphs of the questioned instruction, we do not see how the jury could have been misled.

Since we find no error, the judgment is affirmed.

BYRD, J., dissents.

[2]In his brief here appellant also concluded that the instruction was argumentative, but made no such objection in the circuit court.